Danny ROMAN, Petitioner–Appellant,

v.

Joseph L. MCGRATH,* Warden; Edward S. Alameida, Jr.,** Director of the California Department of Corrections; Bill Lockyer,*** Attorney General of the State of California, Respondents–Appellees.

No. 02–56704.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 18, 2003.

Kenneth M. Stern, Esq., Woodland Hills, CA, Danny Roman, pro se, Crescent City, CA, for Petitioner–Appellant.

Kenneth N. Sokoler, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM ****

California state prisoner Danny Roman appeals the district court's dismissal of his petition for habeas corpus, 28 U.S.C. § 2254. We affirm.

A state-court jury found Roman guilty of first-degree murder, attempted murder, assault with a deadly weapon, and attempted armed robbery in connection with

---

* Joseph L. McGrath is substituted for his predecessor as Warden of the Pelican Bay State Prison. Fed. R.App. P. 43(c)(2).

** Edward S. Alameida, Jr., is substituted for his predecessor as Director of the California Department of Corrections. Fed. R.App. P. 43(c)(2).

*** Bill Lockyer is substituted for his predecessor as Attorney General of the State of California. Fed. R.App. P. 43(c)(2).

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

two incidents. Roman did not deny that he killed the La Chiquita Market manager of whose murder he was convicted, but testified that the manager grabbed for Roman's gun, they struggled, and the gun went off accidentally.

The sole issue before us is whether Roman is entitled to a new trial due to misconduct by Juror L.[1] Juror L drove by George's Liquor Store and also looked at her brother's gun to see for herself how easy it would be to pull the trigger by accident. She concluded that it was not hard to pull the trigger and imparted this information to the jury.

Upon learning of this sequence of events, the state trial court conducted an extensive inquiry into what happened, interviewing each juror individually in the presence of Roman and his counsel. The court found misconduct but also found, in accordance with each juror's testimony, that the recitation of extrinsic information did not affect the verdict. Accordingly, the court denied Roman's motion for a new trial.[2]

The state appellate court, on direct appeal, found no misconduct with regard to the route to George's Liquor Store, because Juror L passed it on the way home and, in any case, there was no prejudice in that the scene of that crime was not relevant to any contested issue. With regard to the gun, the court found no prejudice because Juror L gained only the basic knowledge that any juror would have from ordinary experience if they had encountered a gun; because the experiment helped, rather than harmed, Roman's theo-

ry of the case; and because the jury already had reached a verdict on the La Chiquita Market counts, during their long deliberations, before hearing from Juror L.

We conclude that the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings. 28 U.S.C. § 2254(d)(2). We also conclude that the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). The state court recognized that due process requires that a jury be able and willing to decide the case solely on the evidence. *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). But the state court also properly determined that prejudice is an element of any claim of juror misconduct, *id.*; *Mancuso v. Olivarez*, 292 F.3d 939, 953 (9th Cir.2002), and the state court's conclusion that there was no prejudice to Roman was objectively reasonable.

AFFIRMED.

---

1. To the extent that Roman raises additional claims, they were not preserved in the district court, and we therefore do not consider them.

2. Roman's counsel decided not to seek a mistrial before finding out the verdict because he thought it would be hard to get a better trial for Roman.